Filed 1/29/21  P. v. Hamiltonhausey CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br>v.<br>JERRY HAMILTONHAUSEY,<br>Defendant and Appellant. | A160351<br><br>(Alameda County<br>Super. Ct. No. 105709) |

Defendant Jerry Hamiltonhausey, currently incarcerated in state prison and representing himself, filed an application for writ of error coram nobis/common law writ to vacate his conviction for second degree murder and request for appointment of counsel (Petition).  The trial court denied the Petition for lack of jurisdiction.  The court also noted that, even if the Petition were treated as a petition for writ of habeas corpus, the court would deny it on the grounds it was untimely, successive, and failed to state a prima facie case for relief.

Defendant appealed, and his court-appointed counsel has filed a brief stating he has found no arguable issues to be pursued on appeal, citing *People v. Serrano* (2012) 211 Cal.App.4th 496, 503 (*Serrano*).  Counsel declared that he advised defendant that he may file a brief on his own behalf, and no such brief has been filed.  We will dismiss the petition.

1

## BACKGROUND

A jury found defendant guilty of second degree murder in 1991. He was sentenced to a term of 15 years to life in prison, plus a three-year enhancement for use of a firearm. Judgment was confirmed by the Court of Appeal, and a petition for writ of habeas corpus was denied.

The Petition lists three grounds for relief: (1) insufficiency of the evidence, (2) ineffective assistance of counsel in trial counsel's failure to argue, and present evidence of, justifiable/excusable homicide and heat of passion, and (3) trial court error in failing to instruct the jury on justifiable/excusable homicide.

## DISCUSSION

Independent judicial review pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 440–442 (*Wende*) is required only as to "a defendant's first appeal as of right." (*People v. Kelly* (2006) 40 Cal.4th 106, 119.) In *Serrano*, *supra*, the defendant appealed an order denying a motion to vacate his conviction. (211 Cal.App.4th at p. 498.) The Court of Appeal held the defendant was not entitled to *Wende* review in an appeal of postjudgment proceedings after his first appeal of right, including collateral attacks on the judgment. (*Id.* at p. 503.) Instead, when court-appointed counsel finds no arguable issues in the appeal of postjudgment proceedings, the appellate court may either retain the appeal or dismiss the appeal on its own motion. (*Ibid.*) The *Serrano* court elected not to retain the appeal and dismissed it as abandoned. (*Id.* at pp. 503–504.)

Here, as in *Serrano*, defendant is seeking to vacate his conviction in a postjudgment proceeding long after his first direct appeal of right. We see no reason to conduct a *Wende* review in this case. We will dismiss the appeal as abandoned. (*Serrano*, *supra*, 211 Cal.App.4th at p. 504.)

## DISPOSITION

The appeal is dismissed.

_____

Miller, J.

WE CONCUR:


_____

Richman, Acting P.J.


_____

Stewart, J.


A160351, *People v. Hamiltonhausey*

4